## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE: | Case No. 11-19548 |
| Kawana Henry-Watson, | Judge Wedoff |
| 15716 S. Whipple<br>Markham, IL 60426<br>SSN xxx-xx-2515 | Chapter 13<br><br>Trustee – Marilyn Marshall |
| Debtor | |

### NOTICE OF MOTION

**TO: Patrick Layng, U.S. Trustee\***
**Marilyn Marshall, Chapter 13 Trustee \***

Residential Credit Solutions            Residential Credit Solutions
Codilis & Associates                    P.O. Box 78954
15W030 N. Frontage Rd., Ste. 100        Phoenix, AZ  75062
Burr Ridge, IL  60527
ND-Four@il.cslegal.com

   **PLEASE TAKE NOTICE** that on Thursday, March 12, 2015, at 9:00 a.m., or as soon thereafter as counsel may be heard, I will appear before the Honorable Eugene R. Wedoff, Bankruptcy Judge, or any other judge sitting in his stead, in Room 744, the courtroom usually occupied by him, in the United States Courthouse, 219 S. Dearborn, Chicago, Illinois and then and there present Debtor's MOTION TO REOPEN CASE, a copy of which is attached hereto, at which time and place you may appear if you see fit.

                         _/s/ Kathryn Liss_
                         Kathryn Liss

Kathryn Liss
Attorney for Debtor
ARDC ID# 6297046
LEGAL ASSISTANCE FOUNDATION
120 S. LaSalle, Suite 900
Chicago, IL 60603-3425
Phone: 312/341-1070 or 229-6380

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing Notice and the attached Motion or Documents, by sending a copy by Federal Express, with instructions for next day delivery, to the person(s) listed above on this the __4th__ day of March, 2015, except as to the persons indicated by an asterisk (*), who are registrants with the Court's CM/ECF system and who have, pursuant to Fed. R. Bankr. P. 7005 and 9036, and §II.B.4 of the Court's Administrative Procedures waived the right to receive notice by first class mail and consented to receive notice electronically, and waived the right to service by personal service or first class mail and consented to receive electronic service.

   */s/ Kathryn Liss*
Kathryn Liss

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE: | Case No. 11-19548 |
| Kawana Henry-Watson, | Judge Wedoff |
| 15716 S. Whipple<br>Markham, IL 60426<br>SSN xxx-xx-2515 | Chapter 13<br><br>Trustee – Marilyn  Marshall |
| Debtor | |

### DEBTOR'S MOTION TO REOPEN CASE

Debtor, Kawana Henry-Watson, moves the Court, pursuant to 11 U.S.C. §350(b) and Rule 5010, Fed. R. Bankr. P., to reopen her case to provide relief to her in a matter concerning discharge.  The grounds for this motion are as follows:

1.    Debtor filed her case under Chapter 13 of the Bankruptcy Code on May 6, 2011.

2.    Debtor declared on her Petition that she sought to keep the property at 15716 South Whipple in Markham, Illinois, which she had inherited from her father and which she lived in at all times pertinent hereto.

3.    Debtor's plan, confirmed June 23, 2011, sets out in Section C that debtor will pay to Bank of America monthly payments of $788.74 per month for the mortgage on said property. See Exhibit A – Confirmed Bankruptcy Plan.

4.    Debtor's Confirmed Plan also sets out in paragraph E.3.2 that debtor will cure a pre-petition mortgage default on said property by paying $12,000.00 through the Confirmed Plan to Bank of America.  Ex. A.

5.    Debtor made all payments contemplated by the Confirmed Plan.

6.        An Order of Discharge was entered in Debtor's bankruptcy case on August 27,

2014.  See Exhibit B – Order of Discharge.

## Failure to Comply with Rule 3002.1

7.        On August 15, 2014, the trustee filed a Notice of Final Cure of Mortgage Payment

in accordance with Rule 3002.1.  Fed. R. Bankr. P. 3002.1.  See Exhibit C – Notice of Final

Cure.

8.        Under Rule 3002.1(g), Residential Credit Solutions, Inc. ("RCS"), as servicer for

the mortgage, was required to file a Response to Notice of Final Cure within 21 days of the

service of Notice of Final Cure.  Fed. R. Bankr. P. 3002.1(g).

9.        More than 30 days after receiving the Notice of Final Cure, RCS filed its

Response to Notice of Final Cure on September 17, 2014 (hereinafter "Response").  See Exhibit

D – Response to Notice of Final Cure.

10.        RCS's Response admits that the pre-petition default was cured but further states

that there is a post-petition default of $9,613.87 for payments of $863.52 per month for the

months of September 2013 through August 2014.  Ex. D.

11.        The Response was erroneous for the following reasons:

a.    Debtor's payments to the mortgage servicer as set out by the Confirmed Plan

were $788.74 per month.  Had the RCS intended to change the amount of the

monthly payment, RCS would have been required to file a Notice of Payment

Change pursuant to Rule 3002.1(b).  No Notice of Payment Change was filed

at any time throughout the bankruptcy.

b.  Debtor in fact paid $863.52 to RCS for the months of September 2013 through

June 2014, and has proof of almost all of these payments.  See Exhibit E –

Receipts and Bank Statements.

12.    Under Rule 3002.1(h), debtor could have filed a motion to determine the

correctness of the Response within 21 days of service of the Response.  Fed. R. Bankr. P.

3002.1(h).

13.    The bankruptcy case was subsequently closed by this court on October 7, 2014,

less than 21 days after RCS's late filing of the Response.

14.    Debtor was not afforded proper opportunity to object to the Response while this

case remained pending because, due to RCS's failure to file the Response within the time

allowed, this case was closed less than 21 days after the filing of RCS's Response.  RCS's

Response was due September 5, 2014, and therefore was filed 12 days late in violation of Rule

3002.1.

15.    RCS's failure to properly credit debtor's post-petition mortgage payments has

caused damage to debtor in that foreclosure proceedings have been pursued against her and she

is at risk of losing her home despite curing the pre-petition default as well as making post-

petition mortgage payments.

16.    To date debtor lacks clarification of the amount of post-petition mortgage default,

if any, due and owing and wishes to seek a determination of the same under Rule 3002.1(h).

**Filing of Foreclosure Proceeding in Violation of Discharge Order**

17.    On November 3, 2014, RCS dismissed the foreclosure proceeding that it had filed

against debtor in 2009 prior to her filing of Chapter 13 bankruptcy.

18.     On December 2, 2014, more than three months after the discharge was granted, RCS filed a motion to reinstate the 2009 foreclosure proceedings.

19.     On December 16, 2014, the circuit court granted RCS's motion.

20.     The foreclosure proceeding was originally based on the default that existed prior to debtor's filing of Chapter 13 bankruptcy.  Confirmation of Debtor's bankruptcy plan reinstated the mortgage.  *In re Clark,* 738 F.2d 869, 8744 (7th Cir. 1984).  Moreover, the Notice of Final Cure and Response made it clear that there is no longer any pre-petition default.  Ex. C and D.

21.     In order to re-accelerate the debt after previous reinstatement, RCS is required by Illinois law to issue a separate grace period notice to Debtor and subsequently, after the grace period has passed, to file a new and separate foreclosure action.  The grace period notice allows a borrower the right to work with a housing counselor and apply for a loan modification prior to the filing of foreclosure proceedings.  Debtor received no grace period notice and therefore was denied these important rights.

22.     Debtor also lacks clarification of the actual amount of default, if any, due to RCS's failure to issue a grace period notice.

23.     By reinstating and pursuing the foreclosure proceeding, RCS is violating the discharge order that was entered in this case.

24.     Debtor requests that this case be reopened so that she may file a motion to hold the creditor RCS in contempt of court, for relief under Rule 3002.1, and for other and further relief including damages, costs and reasonable attorneys' fees.

WHEREFORE, debtor prays that the Court:

a.  Enter an Order reopening this case;

b.  Grant such other, further and different relief as may be just and proper,

including costs and reasonable attorney's fees.

Respectfully submitted,

*/s/   Kathryn Liss*
One of the Attorneys for Debtor

Kathryn Liss
Attorney for Debtor
ARDC ID# 6297046
LEGAL ASSISTANCE FOUNDATION
120 S. LaSalle, Suite 900
Chicago, IL 60603-3425
Phone: 312/229-6380
kliss@lafchicago.org