IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | Case No. 11-19548 |
| Kawana Henry-Watson, | Judge Wedoff |
| 15716 S. Whipple<br>Markham, IL 60426 | Chapter 13 |
| SSN xxx-xx-2515 | Trustee – Marilyn Marshall |
| Debtor | |

## NOTICE OF MOTION

**TO: Patrick Layng, U.S. Trustee***
   **Marilyn Marshall, Chapter 13 Trustee ***

    Residential Credit Solutions      Residential Credit Solutions
    Codilis & Associates      P.O. Box 78954
    15W030 N. Frontage Rd., Ste. 100      Phoenix, AZ  75062
    Burr Ridge, IL  60527
    ND-Four@il.cslegal.com

    **PLEASE TAKE NOTICE** that on Thursday, March 12, 2015, at 9:00 a.m., or as soon thereafter as counsel may be heard, I will appear before the Honorable Eugene R. Wedoff, Bankruptcy Judge, or any other judge sitting in his stead, in Room 744, the courtroom usually occupied by him, in the United States Courthouse, 219 S. Dearborn, Chicago, Illinois and then and there present Debtor's MOTION TO HOLD CREDITOR IN CONTEMPT, FOR SANCTIONS, AND FOR OTHER RELIEF, a copy of which is attached hereto, at which time and place you may appear if you see fit.

                                                     */s/ Kathryn Liss*
                                                     Kathryn Liss

Kathryn Liss
Attorney for Debtor
ARDC ID# 6297046
LEGAL ASSISTANCE FOUNDATION
120 S. LaSalle, Suite 900
Chicago, IL 60603-3425
Phone: 312/341-1070 or 229-6380

# **CERTIFICATE OF SERVICE**

     I hereby certify that I have served a copy of the foregoing Notice and the attached Motion or Documents, by sending a copy by Federal Express, with instructions for next day delivery, to the person(s) listed above on this the   4th   day of March, 2015, except as to the persons indicated by an asterisk (*), who are registrants with the Court's CM/ECF system and who have, pursuant to Fed. R. Bankr. P. 7005 and 9036, and §II.B.4 of the Court's Administrative Procedures waived the right to receive notice by first class mail and consented to receive notice electronically, and waived the right to service by personal service or first class mail and consented to receive electronic service.

                         */s/ Kathryn Liss*
                         Kathryn Liss

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: | Case No. 11-19548 |
| Kawana Henry-Watson, | Judge Wedoff |
| 15716 S. Whipple<br>Markham, IL 60426 | Chapter 13 |
| SSN xxx-xx-2515 | Trustee – Marilyn Marshall |
| Debtor | |

**DEBTOR'S MOTION TO HOLD CREDITOR IN CONTEMPT,
FOR SANCTIONS, AND FOR OTHER RELIEF**

Debtor, Kawana Henry-Watson, moves the Court pursuant to 11 U.S.C.A §524(i) and pursuant to Rule 3002.1, to hold the creditor, Residential Credit Solutions, in contempt, for sanctions for the creditor's willful violation of the discharge order, and for other relief.   The grounds for this motion are:

1. Debtor incorporates the allegations in the Motion to Reopen Case as if fully set forth herein.

2. Section 524(i) of the U.S. Bankruptcy Code provides,

> The willful failure of a creditor to credit payments received under a plan confirmed under this title, unless the order confirming the plan is revoked, the plan is in default, or the creditor has not received payments required to be made under the plan in the manner required by the plan (including crediting the amounts required under the plan), shall constitute a violation of an injunction under subsection (a)(2) if the act of the creditor to collect and failure to credit payments in the manner required by the plan caused material injury to the debtor.

11 U.S.C.A. 524(i).

3. Residential Credit Solutions ("RCS") failed to credit the payments received pursuant to the confirmed bankruptcy plan (Exhibit A) for the following reasons:

    a. RCS's Response to Notice of Final Cure ("Response") (Exhibit B) indicates that there is a post-petition default of $9,613.87 for payments from September 1, 2013 through August 1, 2014. However debtor made mortgage payments of $863.52 per month for every month from September 1, 2013 through June 30, 2014. Debtor has proof of almost all of these payments. See Exhibit C - Receipts.

    b. RCS's Response states that it seeks $863.52 per month for September 1, 2013 through August 1, 2014. However, the confirmed bankruptcy plan provides for mortgage payments of $788.74 per month and RCS did not at any time file a Notice of Payment Change as required under Rule 3002.1. Fed. R. Bankr. P. 3002.1(b). Moreover, despite RCS's failure to file the required notice, debtor paid the increased amount of $863.52 from 2013 through June 2014.

4. The actions of the RCS in seeking to obtain a foreclosure judgment based on amounts which were paid are in contempt of the Discharge Order entered in this case.

5. RCS's failure to properly credit Debtor's mortgage payments has caused material injury to the debtor as she is now subject to losing her home to foreclosure proceedings that were reinstated improperly and pursued pre-maturely. The foreclosure proceedings were reinstated improperly and pursued pre-maturely for the following reasons:

    a. Debtor was deprived ample opportunity to seek the court's determination of whether the alleged post-petition default was correct (pursuant to Rule

        3002.1(h)) because this case was closed within 21 after the filing of RCS's late Response.

   b. RCS reinstated the foreclosure lawsuit in violation of the discharge order because the confirmation of debtor's bankruptcy plan reinstated the mortgage and RCS was therefore required to issue a grace period notice and, only after the grace period was complete, file a new and separate foreclosure lawsuit.

   c. RCS's reinstatement of the foreclosure lawsuit after reinstatement after neglecting to issue a grace period notice deprived debtor of the opportunity to meet with a HUD-approved housing counselor or to apply for a loan modification prior to the filing of the foreclosure lawsuit.

6. In addition to holding the creditor in contempt, appropriate sanctions for the violation of the Discharge Order include a monetary fine of $1,000, plus continuing fines of $100 per day until creditor dismisses, with prejudice, their reinstatement of pre-petition foreclosure proceeding in the action filed by in the Circuit Court of Cook County, Illinois.

7. In addition to the relief available under §524(i), pursuant to Rule 3002.1(h) debtor should be afforded the right to the court's determination of whether the post-petition default alleged in the Response was correct.

WHEREFORE, debtor prays that the Court:

   a. Enter an Order holding creditor, Residential Credit Solutions, in contempt of court;

   b. Enter an Order pursuant to Rule 3002.1(h) determining whether debtor has cured the post-petition default or the amount of remaining default, if any;

    c. Enter an Order requiring Residential Credit Solutions to dismiss with prejudice the pending foreclosure proceedings and re-file only after sending proper grace period notices to Debtor;

    d. Enter an Order requiring Residential Credit Solutions to waive any late fees that it is currently charging to Debtor;

    e. Impose a fine upon the creditor of $1,000,

    f. Impose daily fines upon the creditor of $100 per day until creditor has dismissed the current foreclosure proceedings, with prejudice;

    g. For such other, further and different relief as may be just and proper, including costs and reasonable attorney's fees.

    Respectfully submitted,

    */s/ Kathryn Liss*
    One of the Attorneys for Debtor

Kathryn Liss
Attorney for Debtor
ARDC ID# 6297046
LEGAL ASSISTANCE FOUNDATION
120 S. LaSalle, Suite 900
Chicago, IL 60603-3425
Phone: 312/229-6380
kliss@lafchicago.org